UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

JAMES C. EASTMAN,

    Petitioner,

v.                                 Case No: 2:13-cv-357-FtM-38UAM

MORGAN STANLEY SMITH
BARNEY, LLC and MORGAN
STANLEY SMITH BARNEY FA
NOTES HOLDING LLC,

    Respondents.
_____/

## ORDER[1]

This matter comes before the Court on Petitioner's Unopposed Motion to Reinstate Original Petition in the Form of a Motion to Modify in Part and Confirm Arbitration Award and Award Attorney's Fees; and Petitioner's Motion to Remand (Doc. #29) filed on August 9, 2013. Respondents filed an opposition (Doc. #33) on August 29, 2013. Thus, the Motion is now ripe for review.

Petitioner James C. Eastman moves to reinstate his original Petition in the form of a Motion to Modify in Part and Confirm Arbitration Award and Award Attorney's Fees that was filed with this Court on May 9, 2013. The original Petition (Doc. #2), which was removed to this Court by the Respondents from the Circuit Court of the Twentieth Judicial Circuit in and for Collier County, Florida based upon diversity jurisdiction, was

---

[1] Disclaimer: Documents filed in CM/ECF may contain hyperlinks to other documents or Web sites. These hyperlinks are provided only for users' convenience. Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees. By allowing hyperlinks to other Web sites, this court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.

denied by this Court as moot when the Court ordered Respondents to show cause why this case should not be remanded for failure to establish diversity of citizenship at the time of removal, namely the citizenship of the members of Respondent limited liability companies. (Doc. #22).[2]  Petitioner now moves to reinstate this original Petition, which is unopposed.  Thus, the Court will reinstate the original petition and consider its contents as the Court analyzes the remand issues herein.

## **BACKGROUND**

Mr. Eastman had previously worked for Respondent Morgan Stanley Smith Barney ("MSSB") as a financial advisor, but was terminated by the company in 2009. Petitioner executed two Promissory Notes (hereinafter "Notes") during the course of his employment with MSSB, which became immediately due upon Petitioner's termination. Respondents commenced an arbitration proceeding in 2010 against Mr. Eastman before the Financial Industry Regulatory Authority ("FINRA"), for the balance due on the Notes.  Collectively, the principal and interest alleged to be due on the Notes was in excess of $400,000. Petitioner filed a separate FINRA arbitration claim alleging a variety of employment related claims against MSSB and asserted these same claims in defense of the separate action to enforce the Notes.  The actions were consolidated and MSSB FA Notes Holdings ("FA Notes"), as the holder of the Notes, was added as a party to the arbitration.

As a result of a final arbitration hearing, the FINRA Arbitrators rendered an award in which Respondent MSSB was found to be without standing to pursue collection on

---

[2] The Court later issued an Order of no further action on its Order to Show Cause, satisfied that this action is between citizens of different states.  (Doc. #27).

2

the Notes against Mr. Eastman. The Arbitrators specifically found Mr. Eastman to be the prevailing party on Respondent MSSB's claims against Petitioner. The Arbitration panel also determined Respondent FA Notes to be the prevailing party as to the collection of the Notes and ordered Mr. Eastman to pay $216,597.75.

On or about April 13, 2013, Mr. Eastman filed his Petition in the form of a Motion to Modify in Part and Confirm Arbitration Award and Award Attorney's Fees in the Circuit Court of the Twentieth Judicial Circuit in and for Collier County, Florida. The Petition requests that the Court modify the arbitration award to reflect that there were only two Notes involved in the Arbitration, instead of three as was stated in the Arbitration Award, and to reflect that the Arbitration Panel denied Respondents' Motion in Limine and to award him attorney's fees as he argues he was the prevailing party against Respondent MSSB. (Doc. #2, pp. 9, 12).

On May 9, 2013, Respondents filed their Notice of Removal in this Court alleging diversity of citizenship. (Doc. #1). Petitioner disputes in the instant Motion to Remand that the amount in controversy is greater than $75,000 at the time of removal.[3] The Notice of Removal states that the amount in controversy exceeds the sum or value of $75,000 because Petitioner seeks to modify and confirm a final arbitration which awarded FA Notes approximately $216,597.75 in damages plus post-award interest at the statutory interest rate of 4.75% per annum. Petitioner now moves to remand this matter to state court, arguing that the amount in controversy is not in excess of $75,000 because the Arbitration Award is not the object of this litigation. Rather, the object of

---

[3] The Court previously ordered Respondents to show cause why this case should not be remanded for failure to establish diversity of citizenship at the time of removal, namely the citizenship of the members of Respondent limited liability companies in its removal papers. (Doc. #22). The Court later issued an Order of no further action on its Order to Show Cause, satisfied that this action is between citizens of different states. (Doc. #27). Thus, the only dispute is regarding the amount in controversy.

3

this litigation is to modify the award because it is imperfect as a matter of form, which has no monetary value, and to confirm the arbitration award as to Mr. Eastman being deemed the prevailing party as to Respondent MSSB's claims so he can recover his attorney's fees.

**DISCUSSION**

The Federal Arbitration Act does not confer subject matter jurisdiction over petitions to vacate arbitration awards, nor does it create independent federal question jurisdiction. See Baltin v. Alaron Trading Corp., 128 F.3d 1466, 1469 (11th Cir. 1997), cert. denied, 525 U.S. 841, 119 S. Ct. 105, 142 L. Ed. 2d 84 (1998). Independent grounds for subject matter jurisdiction must be demonstrated. Id. When Respondents removed this action to this Court, it argued that the Court had subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332. Pursuant to 28 U.S.C. § 1332, district courts have original subject matter jurisdiction over civil actions where the amount in controversy exceeds the sum or value of $75,000 and the action is between citizens of different states. See 28 U.S.C. § 1332(a)(1).

The Court typically looks to the complaint to establish the amount in controversy. McGee v. Sentinel Offender Serv's, LLC, No. 11-14077, 2013 WL 2436658, at *4 (11th Cir. June 6, 2013). Where the complaint does not assert a specific amount of damages, "the removing defendant must prove by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional requirement." McGee, 11-14077, 2013 WL 2436658 at *4 (quoting Williams v. Best Buy Co., 269 F.3d 1316, 1319 (11th Cir. 2001)). To determine if the removing defendant has done so, the court looks to the Notice of Removal. Williams, 269 F.3d at 1319. Additionally, "[a] removing defendant

may rely on its own affidavits, declarations, or other documentation to establish the amount in controversy." McGee, 11-14077, 2013 WL 2436658 at *4 (citing Pretka v. Kolter City Plaza II, Inc., 608 F.3d 744, 755 (11th Cir. 2010)). "Because removal jurisdiction raises significant federalism concerns, federal courts are directed to construe removal statutes strictly." Univ. of South Alabama v. Am. Tobacco Co., 168 F.3d 405, 411 (11th Cir. 1999) (citing Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100, 108-09, 61 S. Ct. 868, 872, 85 L. Ed. 1214 (1941)). "Indeed, all doubts about jurisdiction should be resolved in favor of remand to state court." Id. The burden of establishing subject matter jurisdiction lies with the party invoking removal. Id. at 411-12.

In this case, the Petition does not state that it seeks any specific amount of money damages, and seeks an award of attorney's fees. The amount of attorney's fees is not indicated in the Petition and its exhibits provide no information upon which to make a calculation of the amount of attorney's fees. Therefore, the allegations of the Petition are insufficient to establish that the amount in controversy exceeds $75,000.

Looking to the Notice of Removal (Doc. #1), it states that the amount in controversy exceeds the sum or value of $75,000 because Petitioner's Motion seeks to modify and confirm a final arbitration, which awarded FA Notes approximately $216,597.75 in damages plus post-award interest at the statutory interest rate of 4.75% per annum, was in excess of $75,000. Respondents argues that even though Petitioner seeks confirmation, and does not contest the amount of the award, the amount in controversy is still recognized by some courts to either be the amount of the award or the amount demanded by the claimant in the underlying action, *i.e.*, the "award" and

"demand" approaches. A third approach, the "mixed" or "remand" approach, blends the first two approaches. In applying this approach, a court looks to the amount of the original demand where the party seeking vacatur requests that the district court remand the matter to arbitration.

Respondents assert that under the "award" approach, courts determine the amount in controversy based on the amount of the award rendered by the arbitration panel, which in this case is $216,597.75. Respondents argue that this approach has been impliedly recognized by the Eleventh Circuit in Baltin v. Alaron Trading Corp., 128 F.3d 1466, 1472 (11th Cir. 1997). In Baltin, the court held that the district court did not have diversity jurisdiction over a case in which the maximum remedy sought by petitioner investors was the vacatur of the arbitration award of $36,284.69 against them. Id. The Court agrees that the Eleventh Circuit applied the award approach in this case that examined the remedy sought by the petitioner. The Eleventh Circuit has since issued another opinion on the issue though in Peebles v. Merrill Lynch, 431 F.3d 1320 (11th Cir. 2005), in which the court applied the remand approach. In Peebles, the petitioner requested that the arbitration award be vacated and the matter be remanded for a hearing before a new arbitration panel. The court held that "a federal court has subject matter jurisdiction where a party seeking to vacate an arbitration award is also seeking a new arbitration hearing at which he will demand a sum which exceeds the amount in controversy for diversity jurisdiction purposes." Id. at 1325. The Court noted that the Baltin case did not speak to the issue raised, because in Baltin the maximum remedy sought by the investors was the vacatur of an arbitration award against them which did not exceed the minimum required for diversity purposes. Id.

In the instant case, though, neither Party has moved to vacate or even modify the arbitration award, and the maximum remedy sought by Eastman is not the vacatur of an arbitration award entered against him, as in <u>Baltin</u>.  Thus, as recognized in <u>Pebbles</u>, <u>Baltin</u> does not speak to the issues raised in this case.  Further, neither Party is seeking to remand this action to the arbitration panel.  Eastman is not demanding a sum that exceeds the amount in controversy.  In fact, the Parties agree that the award entered against Mr. Eastman and in favor of FA Notes should be modified in part to correct a scrivener's error and confirmed.  The Parties only disagreement is regarding the award of attorney's fees.  Thus, the Court concludes that the monetary threshold of $75,000 for diversity jurisdiction under 28 U.S.C. § 1332(a) has not been met on the face of Respondents' Notice of Removal.

Attorney's fees are not generally included in determining the jurisdictional amount in controversy unless the award of fees is authorized by a statute or contract. Smith v. GTE Corp., 236 F.3d 1292, 1305 (11th Cir. 2001).  In this case, the Parties allege that the terms of the Notes allow for the award of attorney's fees to a prevailing party, but as the Petitioner argues, Respondents did not include any information in its Notice of Removal with respect to attorney's fees that will allow the Court to determine whether

the amount in controversy exceeds the $75,000 threshold.[4]  Thus, the matter will be remanded.[5]

Finally, Petitioner argues that he is entitled to costs and expenses, including attorney's fees, incurred as a result of the improper removal of this action pursuant to [28 U.S.C. § 1447(c)](). "An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." [28 U.S.C. § 1447(c)](). The Supreme Court clarified the standard for awarding attorney fees in removal cases, stating that "absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, fees should be denied." [Martin v. Franklin Capital Corp., 546 U.S. 132, 141, 126 S. Ct. 704, 163 L. Ed. 2d 547 (2005)](). The Court finds based upon the briefing submitted to the Court that Respondents had an objectively reasonable basis for seeking removal in this case. Therefore, Petitioner's request for removal attorney's fees and costs is denied.

Accordingly, it is now

**ORDERED:**

(1) Petitioner's Unopposed Motion to Reinstate Original Petition in the Form of a Motion to Modify in Part and Confirm Arbitration Award and Award Attorney's

---

[4] Respondent FA Notes also does not include any information regarding the total amount of fees and costs to be awarded in its Motion to Confirm Arbitration Award (Doc. #30). Rather, Respondents asks the Court to determine the amount following the Court's ruling on entitlement. (Doc. #30, p. 8). Petitioner likewise does not state any specific amount of attorney's fees incurred but states that the amount to be awarded should be determined by the Court, with no supporting documentation.

[5] The Court also notes that jurisdictional discovery to obtain information that would establish that the court has jurisdiction is disfavored by the Eleventh Circuit where a plaintiff challenges the jurisdictional allegations. [Lowery v. Alabama Power Co., 483 F.3d 1184, 1217-18 (11th Cir. 2007)]().

Fees; and Petitioner's Motion to Remand (Doc. #29) is **GRANTED** to the extent that the original Petition is reinstated and this matter is **REMANDED** to the Circuit Court of the Twentieth Judicial Circuit in and for Collier County, Florida.

(2) The Clerk is **directed** to remand the case to the Twentieth Judicial Circuit in and for Collier County, Florida, and to transmit a certified copy of this Order to the Clerk of that Court.

(3) The Clerk is directed to **CLOSE** this case and terminate all previously scheduling deadlines and other pending motions as moot.

**DONE** and **ORDERED** in Fort Myers, Florida this 8th day of October, 2013.

*Sheri Polster Chappell*
SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: All Parties of Record